The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DALE DUPREE CASEY, <br><br> Defendant. | NO. CR20-0020-RAJ <br><br> ORDER VACATING TRIAL DATE |

Having considered the record and the government's March 27, 2020, motion, and General Order 02-20 for the Western District of Washington, the Court FINDS that trial in this case cannot proceed on the currently scheduled date of April 27, 2020. For the solid reasons and justifications articulated in the government's motion, the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(i), (iv).

While the Court is mindful of Defendant's Constitutional rights and the parties' right to a speedy trial, given the reality of the current situation related to the COVID-19 global pandemic, the Court has no ability to conduct a trial in this matter in light of the need for social distancing at this time.

IT IS THEREFORE ORDERED that the government's motion to vacate the trial date (Dkt. #31) is GRANTED.

The trial date of April 27, 2020, is hereby VACATED.

1   A status hearing is SCHEDULED for **June 26, 2020, at 11:00 a.m.**  At that status
hearing, the Court will set a new trial date.  Should circumstances change between the date
of this Order and the scheduled status hearing which would permit the Court to set an earlier
status hearing and/or trial date, the Court will do so.

IT IS FURTHER ORDERED that the time between the date of the filing of the
government's motion and the date of the status hearing, is excluded in computing the time
within which trial must commence because the ends of justice served by granting this
continuance outweigh the best interest of the public and the defendant in a speedy trial. 18
U.S.C. § 3161(h)(7)(A). Failure to grant this continuance would likely make trial impossible
and result in a miscarriage of justice, and would deny counsel for the defendant and counsel
for the government the reasonable time necessary for effective preparation, taking into
account the exercise of due diligence. *Id.* § (B)(i), (iv).

DATED this 8th day of April, 2020.

*[signature]*

The Honorable Richard A. Jones
United States District Judge