The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA., <br><br> Plaintiff, <br><br> v. <br><br> DALE DUPREE CASEY, <br><br> Defendant. | Case No. 2:20-CR-0020-RAJ <br><br> **ORDER GRANTING MOTION TO DISMISS** |

This matter is before the Court on Defendant's motion to dismiss Count 2 of the indictment. Dkt. # 18. For the following reasons, Defendant's motion is **GRANTED.**

## I.   BACKGROUND

Defendant is charged with two counts: (1) Assault by Strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153; and (2) Domestic Assault – Habitual Offender in violation of 18 U.S.C. § 117(a). Dkt. # 12. To secure a conviction under 18 U.S.C. § 117(a), the Government must prove three elements beyond a reasonable doubt: (1)

ORDER – 1

Defendant committed a domestic assault (as alleged in Count 1), (2) the assault occurred in Indian country, and (3) Defendant "has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal Jurisdiction . . . any assault, sexual abuse, or serious violent felony against a spouse or intimate partner . . . ." 18 U.S.C. § 117(a).

Here, the Government pled two convictions that it contends satisfy the statute's requirements: (1) a 2002 conviction for Assault – Class C, under Swinomish Tribal Code, § 5-1.030, and (2) a 2014 conviction for Assault – Class B, Domestic Violence, under Swinomish Tribal Code, § 4-02.020(C). Defendant moves to dismiss Count 2 of the indictment under Federal Rule of Criminal Procedure 12, claiming that the indictment fails to state an offense. *See* Fed. Rule Crim. Proc. 12(3)(B). Specifically, Defendant argues that the two prior convictions alleged in Count 2 are "categorically overbroad" and do not qualify as predicate defenses under 18 U.S.C. § 117(a).

## II.   DISCUSSION

Rule 12(b) permits consideration of any defense "which is capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b). A motion to dismiss is generally "capable of determination" before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986). Although a court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, it may not "invade the province of the ultimate finder of fact." *Id*. Generally, Rule 12(b) motions are appropriate to consider "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction." *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989).

The parties dispute the approach that the Court should apply to determine if Defendant's prior convictions qualify as predicate offenses under § 117(a). Defendant argues that the Court should adopt the "categorical approach" because the statute refers

ORDER – 2

to generic crimes regarding Defendant's prior convictions, rather than particular facts or conduct. But the Government argues that the Court should employ a circumstance-specific approach because Defendant's prior convictions are elements of the substantive offense that should be proven at trial.

### A. Applicability of Categorical Approach

The categorical approach asks a court to review the elements of the offense rather than the underlying facts of the defendant's conduct. *Taylor v. United States*, 495 U.S. 575, 601 (1990). This approach is typically applied in sentencing proceedings to impose enhanced penalties based on a defendant's prior convictions. For example, in *Taylor*, the Supreme Court applied the categorical approach to determine whether a defendant's prior state court burglary conviction constituted a qualifying offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. *Taylor*, 295 U.S. at 601.

The benefits of this approach are two-fold. First, the categorical approach avoids the "practical difficulties and potential unfairness" of relitigating prior convictions. *Taylor* at 601. Second, this approach mitigates Sixth Amendment concerns by limiting a sentencing court's inquiry to the elements of a defendant's prior offenses, not the particular facts underlying those convictions. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that only a jury, not a judge, may find facts that increase the maximum penalty).

The Government advocates the use of a circumstance-specific approach that allows the Court to consider the specific circumstances surrounding the Defendant's conduct. This approach applies where the underlying statute refers to specific circumstances, rather than generic crimes. For example, in *Nijhawan v. Holder*, the Supreme Court considered the Immigration and Nationality Act which defines an "aggravated felony" in part as "an offense" (1) that "involves fraud or deceit," and (2) "in which the loss to the victim or victims exceeds $10,000." 557 U.S. 29, 33 (2009); 8 U.S.C. § 1101(a)(43)(M)(i). There, the Supreme Court held that the monetary

ORDER – 3

threshold requirement should not be applied categorically, but rather to specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion. *Nijhawan*, 557 U.S. at 40 (2009). The statutory language, it reasoned, focuses on the individual's conduct rather than the generic crime. *Id.* To hold otherwise would render the statute nearly meaningless as there are few widely applicable state or federal fraud statute with the relevant monetary loss threshold. *Id.* at 39-40.

A statute may also present a "hybrid situation" in which one section of the statute is governed by the categorical approach while another is subject to the circumstance-specific approach. For example, in *United States v. Hayes*, the Supreme Court considered 18 U.S.C. § 922(g)(9), which prohibits possession of a firearm by any person convicted of "a misdemeanor crime of domestic violence." *United States v. Hayes*, 555 U.S. 415 (2009). The statute defines "misdemeanor crime of domestic violence" as "an offense" that (1) "has, as an element, the use or attempted use of physical force," and (2) was "committed by" a person who has a domestic relationship with the victim. 18 U.S.C. § 921(a)(33)(A). The Supreme Court concluded that the phrase "an offense that . . . has, as an element, the use or attempted use of physical force" was subject to the categorical approach, while the phrase "committed by" a person who has a domestic relationship with the victim, focused on a defendant's conduct and was subject to the circumstance-specific approach. *Hayes*, 555 U.S. at 421-22; *see also See United States v. Doss*, 630 F.3d 1181, 1197 (9th Cir. 2011) (analyzing 18 U.S.C. § 3559(e)(1) and concluding that the phrase "a prior 'sex offense' conviction" required application of a categorical approach and the phrase "in which a minor was the victim" called for application of a circumstance-specific approach and had to be proven beyond a reasonable doubt by the Government at trial).

Section 117(a) clearly implicates the hybrid approach employed in *Hayes* and *Doss*. Here, the statutory provision can be broken into two parts. The first element requires "a final conviction on at least two separate occasions in Federal, State, or Indian

ORDER – 4

tribal court proceedings for offenses that would be, if subject to Federal jurisdiction . . . any assault, sexual abuse, or serious violent felony . . . ." 18 U.S.C. § 117(a). The first element's use of the term "conviction" favors the categorical approach. The Supreme Court has suggested as much. *See Mathis v. United States*, 136 S. Ct. 2243, 2252–53 (2016); *see also Taylor*, 495 U.S. at 600 (holding the language "a person who . . . has three previous convictions" points to categorical approach). Additionally, the first element does not use the terms "commit" or "involve," which the Court has recognized may implicate the circumstance-specific approach. *See Taylor*, 495 U.S. at 600 (noting the absence of the word "involve" favored the categorical approach); *Hayes*, 555 U.S. at 421-422 (interpreting the phrase "offense . . . committed by" to refer to a defendant's underlying conduct).[1]

By contrast, the second element requires that the predicate offenses were "against a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault." Much like *Nijhawan*, the phrase "against a spouse or intimate partner" refers to the underlying conduct involved in the commission of the offense of conviction rather than the elements of the offense. *Nijhawan*, 557 U.S. at 39. Thus, the use of the circumstance-specific approach is appropriate. *See Doss*, 630 F.3d at 1196-97. Practical considerations support this interpretation. Section 117 was enacted to address the disproportionately high rates of domestic violence against Native American women by allowing federal prosecutors to pursue cases against serial domestic violence

---

[1] The Government argues that the phrase "if subject to Federal jurisdiction" is rendered toothless under the categorical approach—the Court disagrees. If anything, this provision explicitly directs courts to compare a defendant's prior statutes of conviction with the federal generic offenses to determine if they are a categorical match. *See U.S. v. Cline*, No. CR19-0023-JCC, 2020 WL 1862595, at *2 n.2 (W.D. Wash. Apr. 14, 2020) (holding the phrase "modifies the term 'offenses that would be' and thus directs courts to compare defendant's prior statutes of conviction with the federal generic offenses subsequently enumerated in § 117(a)(1)").

ORDER – 5

offenders. *United States v. Bryant*, 136 S. Ct. 1954, 1958–61 (2016). Given this, Congress could not have intended the domestic relationship provision to be applied categorically but rather to the specific circumstances surrounding the defendant's commission of an "assault, sexual abuse, or serious violent felony" on a specific occasion. *Nijhawan*, 557 U.S. at 40 (2009).

To summarize, the burden of proving the predicate offense element under § 117(a) calls for a two-part inquiry. First, the Court must apply the categorical approach to determine if Defendant's two prior convictions are categorical matches to "any assault, sexual abuse, or serious violent felony" as defined by federal law. Second, the Government must prove beyond a reasonable doubt that the victim of each predicate offense was "a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault."

## B. **Application of the Categorical Approach**

To apply the categorical approach, the Court must compare the elements of assault under Swinomish Tribal Code § 4-02.020 with the federal generic definition of assault. If the elements of assault under section 4-02.020 are broader than generic assault, a conviction under section 4-02.020 will not qualify as a predicate offense under § 117(a).

### i.   Defendant's prior convictions

The Government alleges that two of Defendant's prior convictions in Swinomish Tribal Court qualify as predicate offenses under § 117(a): (1) a 2014 conviction for Assault – Class B, Domestic Violence, under Swinomish Tribal Code, § 4-02.020(C), and (2) a 2002 conviction for Assault – Class C, under Swinomish Tribal Code, § 5-1.030. Dkt. # 12.

### 1.  *2002 conviction*

On January 14, 2002, Defendant was charged with one count of Assault – Class C, under Swinomish Tribal Code, § 5-1.030.  At the time, the statute provided as follows:

> Any person who: (A attempts with unlawful force to inflict bodily injury upon another, OR (B) without consent touches, strikes, cuts, shoots, or poisons the person or body of another, OR (C) intentionally, with unlawful force, creates in another a reasonable apprehension and fear of bodily injury even though the infliction of bodily injury was not actually intended, OR (D) by threatening violence causes another to harm himself, commits the crime of assault.

Swinomish Tribal Code § 5-01.030.  The criminal complaint filed against Defendant alleged that on December 24, 2001, Defendant "without consent and with unlawful force, did intentionally touch and/or strike the person of [the victim] by pushing her; and/or intentionally created in [the victim] a reasonable apprehension of fearing physical injury from defendant."  Dkt. # 20-1 at 2.  Defendant accepted a "no contest" plea and on August 26, 2002, judgment was entered against him.  Dkt. 20-1 at 4.  Specifically, the court found Defendant guilty of "Assault (Class C)" in violation of § 5-01.030.

### 2.  *2014 conviction*

On March 6, 2014, Defendant was charged with, Assault – Class B, Domestic Violence, under Swinomish Tribal Code, § 4-02.020.  Dkt. # 20-2.  The current version of the Swinomish assault statute mirrors the language of the previous version.  *See* Swinomish Tribal Code § 4-02.020.  The criminal complaint alleges that on February 16, 2014, Defendant "did attempt with unlawful force to inflict bodily injury upon another - to wit, [the victim] – and used a weapon or other instrument or thing likely to produce bodily harm. At the time of the incident [the victim] was a family or household member of the Defendant."  Defendant subsequently pleaded guilty to the assault and on July 23, 2014, judgment was entered against him.  Dkt. # 20-2 at 6-13.

ORDER – 7

ii.  Standard Categorical Approach

Compared to the federal generic definition of assault, the Swinomish assault statute is categorically overbroad. The parties agree that the federal common law definition of assault is the "generic" offense. Under federal law, assault is "committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976).

The Court will address each element of § 4-02.020 individually.[2] A person commits assault under § 4-02.020(A)(1) if they "attempt[] with unlawful force to inflict bodily injury upon another." Although this closely mirrors the first element of generic assault, "a willful attempt to inflict injury upon the person of another," there is one critical distinction. *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (internal citation omitted). The Swinomish definition does not include the "willful" *mens rea* requirement.

The next provision is even broader. Under § 4-02.020(A)(2), an individual may commit assault if they "without consent touch[] . . . the person or body of another." This clearly criminalizes more conduct than the federal assault statute. The same goes for the fourth provision which provides that a person commits assault who "by threatening violence causes another to harm himself." § 4-02.020(A)(4). Causing another person to harm themselves it not even contemplated by the generic statute.

The third provision, however, is a closer call. A person commits assault under § 4-02.020(A)(3) if the individual "intentionally, with unlawful force, creates in another

---

[2] The fact that one of Defendant's prior convictions was for a Class B assault and the other was for a Class C assault is not relevant to the Court's categorical analysis, as the underlying crime in both instances was assault and the underlying elements to sustain an assault conviction for both counts are the same.

a reasonable apprehension and fear of bodily injury even though the infliction of bodily injury was not actually intended." Although this provision incorporates an "intent" requirement, it does not include the "immediacy" requirement present in the federal definition. In theory, Defendant surmises, a person could be convicted under § 4-02.020(A)(3) if the person creates a "reasonable apprehension of fear of bodily injury" in another at time in the distant future. Because the Swinomish assault statute criminalizes a broader swath of conduct than the federal generic statute, it is "categorically overbroad" under the standard categorical approach.

### iii. Modified categorical approach

In certain cases, even if a statute is not a categorical match under the standard categorical approach, it may still qualify under the modified categorical approach. The modified categorical approach allows a court to look beyond the statutory text to a limited set of documents to determine what crime, with what elements, a defendant was convicted of. *Mathis*, 136 S. Ct. at 2249. If the conviction is based on a plea agreement, the court's review is limited to the "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

Importantly, the modified categorical approach only applies when some of the elements of the prior statute of conviction match the federal generic crime while other alternative elements do not. *Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014). That is not the case here. Instead, each of the alternative elements of the Swinomish assault statute are overbroad in their own right. So the modified categorical approach does not apply.

Even if the Court were to apply the modified categorical approach, the same issues that arose under the standard categorical approach would remain. As discussed above, in 2002, Defendant accepted a "no contest" plea and was convicted of Assault –

Class C in violation of § 5-01.030.  Dkt. # 20-1 at 2.  A review of the judgment and criminal complaint shows that the Government alleged, and the Court concluded, that Defendant "without consent and with unlawful force, did intentionally touch and/or strike the person of [the victim] by pushing her; and/or intentionally created in [the victim] a reasonable apprehension of fearing physical injury from defendant."  Dkt. # 23-4 at 2.  But nothing in the underlying documents shows that to obtain a conviction under § 5-01.030(C), the Government needed to prove beyond a reasonable doubt that Defendant created a "reasonable apprehension of *immediate* bodily harm."  Thus, the prior statute of conviction is not a categorical match to the federal generic offense.

Similarly, the criminal complaint in Defendant's 2014 case alleges that Defendant "did attempt with unlawful force to inflict bodily injury upon another – to wit, [the victim] – and used a weapon or other instrument or thing likely to produce bodily harm."  Dkt. # 20-2 at 1.  But the analogous federal generic definition requires a "*willful* attempt to inflict injury," and nothing in the underlying documents suggests that a jury must have concluded that Defendant "willfully" attempted to inflict bodily injury.

The Court is mindful of the inherent difficulties of enforcing violations of 18 U.S.C. § 117(a) where the prior statutes of conviction must categorically match the generic statute.  This is especially troubling given the statute's legislative purpose of reducing the incidence of domestic violence against Native American women.  But the relevant statutory language and Supreme Court precedent compel this outcome.  Because the two prior convictions alleged by the Government are not categorical matches to the federal generic assault statute, they do not qualify as predicate offenses under 18 U.S.C. § 117.  As a result, the indictment against Defendant does not state a cognizable offense and is subject to dismissal.

## III. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss Count 2 of the indictment is **GRANTED**. Dkt. # 18.  Defendant's motion to sever and second motion to dismiss are **TERMINATED AS MOOT.**  Dkt. ## 20, 27.

DATED this 22nd day of April, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 11