UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO.  CR20-020-RAJ |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DENYING DEFENDANT'S |
| | ) MOTION TO REOPEN DETENTION |
| DALE DUPREE CASEY, | ) HEARING |
| | ) |
| Defendant. | ) |
| | ) |

Defendant Dale Dupree Casey is charged with Assault by Strangulation and Domestic Assault by a Habitual Offender. (Dkt. 12).   He was ordered detained pending trial (Dkt. 7).

Defendant moves this Court to reopen the detention order and set conditions of release, presenting a release plan that includes residing with his daughter, presenting new facts regarding certain underlying convictions, and proffering a substance abuse evaluation that recommends intensive outpatient treatment. Because the defendant did not previously argue the issue of detention, the government does not oppose reopening the detention issue, but opposes release. (Dkt. 47.) Pretrial Services also opposes release. Judge Jones has referred the motion to the undersigned Magistrate Judge. The Court finds this motion appropriate for resolution without

ORDER DENYING MOTION TO
REVIEW DETENTION HEARING
PAGE -1

oral argument or an evidentiary hearing.

Defendant's request to reopen the hearing is based on 18 U.S.C. § 3142(f)(2)(B), which provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.*  The government does not oppose release and for purposes of this order, the Court assumes without finding, that defendant has satisfied the requirements of 18 U.S.C. §§ 3142(f) for reopening the detention order.  However, the Court finds defendant has not made a persuasive case for release.

Plaintiff's request for release is based on information that calls into question the sufficiency of two predicate criminal convictions that support his status as a habitual offender for purposes of Count Two (Assault by a Habitual Offender). Count Two has been dismissed. (Dkt. 44.)  Defendant also proffers a substance abuse evaluation that recommends a six-month Intensive Outpatient Treatment program.  He asks to be allowed to be released to live with his daughter. (Dkt. 43.)

The government opposes release, arguing defendant has failed to show any change in the defendant's risk of flight or danger to the community. The government points to defendant's criminal record that shows numerous failures to appear, a history of assaultive behavior and mental health and substance abuse issues.  The government further notes an absence of known COVID-19 cases at the FDC, and the preparations taken by staff at the facility to prevent an outbreak and to be prepared to address such cases that might arise.

In the Detention Order, defendant was found to pose a risk of danger and a risk of appearance based on the nature of the instant offense, his criminal history that includes prior assaults and numerous failures to appear, and offenses committed while on supervision. (Dkt. 7.) Defendant has not shown any change in these factors that would weigh in favor of release. The Court agrees defendant has not shown the presence of any special factors that justify releasing him from custody because of the COVID-19 pandemic.  While defendant proffers a substance abuse evaluation that recommends six months of intensive outpatient treatment, there is no indication that such treatment would be available to defendant during this pandemic, or that outpatient treatment could adequately address the risk of danger and risk of nonappearance previously found by the Court.

Defendant's Motion to Reopen Detention Hearing is DENIED.

DATED this 24th day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge