Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>DALE DUPREE CASEY,<br><br>                Defendant. | No. 2:20-cr-00020-RAJ<br><br>ORDER RESETTING<br>TRIAL DATE |

This matter comes before the Court *sua sponte*. Trial in this matter is RESCHEDULED for **Monday, November 30, 2020, at 9:00 a.m.** All pretrial filings—including trial briefs, proposed voir dire, proposed jury instructions, and proposed verdict forms—must be submitted no later than Friday, November 20, 2020.

Pursuant to General Order 15-20 and earlier General Orders of the United States District Court for the Western District of Washington addressing measures to reduce the spread and health risks from COVID-19, which are incorporated herein by reference, the Court hereby FINDS as follows:

1. In light of the recommendations made by the Centers for Disease Control and Prevention (CDC) and Public Health for Seattle and King County regarding social distancing measures required to stop the spread of this disease, it is not possible at this time to proceed with a jury trial in the immediate future;

2. Further, as stated in General Order 15-20, limiting the size and frequency of gatherings remains critical to preventing serious illness and death from COVID-19. The continuing public health situation resulting from the pandemic also limits the availability and ability of witnesses, counsel, and Court staff to be present in the courtroom, and the ability to obtain an adequate spectrum of jurors to proceed with in-person jury trials. For the foreseeable future, it will be possible to proceed with only one in-person criminal jury trial at a time at each of the district's two courthouses. A continuance of the trial date in this case until November 30, 2020, is therefore necessary to allow the appropriate spacing of trials; and

3. As a result, the failure to grant a continuance of the trial date in this case would likely result in a miscarriage of justice. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuing the trial in this case outweigh the best interest of the public and the defendant to a speedy trial.

Therefore, IT IS HEREBY ORDERED that the time between October 5, 2020 and the new trial date of November 30, 2020, is excluded in computing the time within which trial must commence because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A). Failure to grant this continuance would likely make trial impossible and result in a miscarriage of justice, and would deny counsel for the defendant and government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *Id*. § 3161(h)(7)(B)(i), (iv).

DATED this 9th day of October, 2020.

_____
The Honorable Richard A. Jones
United States District Judge